**United States District Court**
**Northern District of Texas**
**Fort Worth Division**

| | |
|---|---|
| **United States of America** | |
| **v.** | **No. 4:25-CR-259-P** |
| **Ines Soto (8)** | |

---

**Ines Soto's Motion for Judgment of Acquittal and Motion for New Trial**

---

**To the Honorable Judge:**

Ines Soto asks this Court to enter judgments of acquittal and/or grant a new trial as explained below. Ines Soto joins his codefendants' Rule 29 and Rule 33 motions.

**The Applicable Legal Standards**

Rule 29(c) allows a court to set aside a jury's guilty verdict and enter an acquittal in some situations. A defendant may move for a judgment of acquittal either after the government closes its evidence or after the close of all evidence or up to 14 days after the verdict. Fed. R. Crim. P. 29(a), (c). A court must grant such a motion if the evidence is insufficient to sustain a conviction. *Id.* As the Fifth Circuit has explained, "[a] motion for acquittal should be granted if the government fails to present evidence sufficient for a reasonable jury to have found that each essential element of the offense was established beyond a reasonable doubt." *United States v. Vasquez*, 677 F.3d 685, 692 (5th Cir. 2012). A court should "consider[] the evidence in the light

1

most favorable to the government, with all reasonable inferences and credibility determinations made in the government's favor." *Id.*

Under Rule 33, a court, on a defendant's motion, "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). In deciding a Rule 33 motion, a court may weigh the evidence and assess the credibility of the witnesses. *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005). A court has broad discretion, but it "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id.* Rather, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.*; *United States v. Wall*, 389 F. 3d 457, 466 (5th Cir. 2004) ("Generally, this court has held that the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence pre-ponderates against the verdict.").

**This court should grant Ines Soto a judgment of acquittal on Count One. Alternatively, this court should grant Ines Soto a new trial on Count One.**

Count One charged Ines Soto with Riot under 18 U.S.C. §§ 2101 & 2. A conviction for Riot re-quires (1) the defendant used facility of interstate commerce; (2) the defendant did so with the intent to organize, participate in or carry on a riot; or commit any act of violence in furtherance of a riot; or aid or abet any person participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot; and (3) the defendant committed or attempted to commit an overt act, either during the use of a facility of interstate commerce or after such use, for the pur-pose of organizing, participating in, or carrying on a riot; or committing any act of violence in furtherance of a riot; or aiding or abetting any person participating in, or carrying on a riot, or

2

committing any act of violence in furtherance of a riot. The evidence falls short in this case.

No evidence showed Ines Soto's use of a facility of an interstate commerce. No evidence showed Ines Soto's satisfying the second or third element. No evidence showed Ines Soto's aiding or abetting the commission of this offense. In fact, there was no riot. The only acts of violence, which would probably be more aptly described as acts of vandalism, were committed by two persons who individually broke away from the others and operating independently damaged cars and property. As these two acted independently, they were no longer part of the requisite assemblage of three or more persons.

Finally, the evidence does not support this verdict under *Pinkerton v. United States*, 328 U.S. 640 (1946). The second superseding indictment and the jury charge allowed conviction under *Pinkerton*, which held that a conspirator can be held criminally liable for substantive crimes committed by co-conspirators in furtherance of the conspiracy, even if the individual did not directly participate in or intend the crime. This principle of vicarious liability applies when the crime was committed in furtherance of the conspiracy, was within the scope of the unlawful project, and could reasonably have been foreseen as a necessary or natural consequence of the conspiracy. The conspiracy, if there was one, was to shoot off fireworks to show support for the detainees at Prairieland. Vandalism was not the aim of this conspiracy and served no purpose to further the objective of showing support for detainees and was so far removed that it would not have been reasonably foreseeable. As noted above, the vandalism was committed by two individuals who had separated from the others.

Therefore, Ines Soto asks this court to enter a judgment of acquittal on Count One. Alternatively, Ines Soto asks this court to find that the evidence preponderates heavily against the verdict

such that it would be a miscarriage of justice to allow the verdict to stand and grant him a new trial on Count One.

**This court should grant Ines Soto a judgment of acquittal on Count Two. Alternatively, this court should grant Ines Soto a new trial on Count Two.**

Count Two of the Second Superseding indictment charged Ines Soto with providing material support to terrorists in violation of 18 U.S.C. § 2339A. As charged in the indictment, the government had to prove that Ines Soto provided or attempted to provide material support or resources or concealed or disguised or attempted to conceal or disguise the nature, location, source, or ownership of material support or resources *and* did so knowing or intending that the material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §§ 844(f), 1114, or 1361; or to carry out the concealment of an escape from the commission of 18 U.S.C. §§ 844(f), 1114, or 1861. The evidence in this case does not support this verdict.

Ines Soto (and Elizabeth Soto and Savanna Batten) arrived late—about fifteen minutes after the others—left when asked to by Lasalle Corrections staff,[1] and weren't even expected to be there. Nothing shows that Ines Soto provided or attempted to provide material support or resources or concealed or disguised or attempted to conceal or disguise the nature, location, source, or ownership of material support or resources to anyone. Nor does the evidence show that he did did so knowing or intending any material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §§ 844(f), 1114, or 1361 or concealment of an escape from the

---

[1] Despite the government's repeatedly calling the Prairieland Detention Center an ICE facility, it is not. It is owned by Prairielands Public Facility Corporation and was operated by LaSalle Corrections to house immigration detainees when this incident occurred.

commission of a violation of 18 U.S.C. §§ 844(f), 1114, or 1861. The testimony showed that Ines Soto was going to a noise demonstration.

Finally, the evidence does not support this verdict under *Pinkerton v. United States*, 328 U.S. 640 (1946). The second superseding indictment and the jury charge allowed conviction under *Pinkerton.* Here again the evidence falls short. Beyond a conspiracy to shoot off fireworks as a noise demonstration in support of detainees, there's no conspiracy. To the extent it was something else, Ines Soto wasn't part of it. Ines Soto was not part of the "core chat" that planned this noise demonstration, he was not present for the "gear check" the night before, he was not in the "affinity group," he did not purchase fireworks, he did not shoot fireworks. He was—at best— merely present for the fireworks. Any provision of material support to terrorists would not have been part of this conspiracy, nor would it have been reasonably foreseeable. Nor was he part of a conspiracy to provide material support to terrorists. Thus, this conviction fails under *Pinkerton*.

Therefore, Ines Soto asks this court to enter a judgment of acquittal on Count Two. Alternatively, Ines Soto asks this court to find that the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to allow the verdict to stand and grant him a new trial on Count Two.

**This court should grant Ines Soto a judgment of acquittal on Count Three. Alternatively, this court should grant Ines Soto a new trial on Count Three.**

This Court should grant Ines Soto a judgment of acquittal on Count Three. Alternatively, this court should grant Ines Soto a new trial on Count Three. Count Three charged Ines Soto with a conspiracy to use and carry explosives in violation of 18 U.S.C. § 844(m). More specifically, this count charged that Ines Soto and at least one other person made an agreement to use an explosive

to commit the offense of riot or to carry an explosive during the commission of the offense of riot, that Ines Soto knew of the unlawful purpose of this agreement, and that Ines Soto knowingly and voluntarily joined the conspiracy. The evidence in this case does not support this verdict.

Ines Soto was not part of the "core chat" that planned this noise demonstration, he was not present for the "gear check" the night before, he was not in the "affinity group," he did not purchase fireworks, he did not shoot fireworks. He was—at best—merely present. Thus, he was not part of such a conspiracy.

What's more, to the extent there was a conspiracy, it was a conspiracy to shoot off fireworks as a noise demonstration to show support for persons incarcerated at the Prairieland Detention Center. While this might be construed as conspiracy to violate the City of Alvarado's fireworks ordinance,[2] Ines Soto was not charged with that. And nothing suggested he did anything more. There was no damage to the facility, nor was there any testimony how consumer grade fireworks were going to damage or destroy a prison made of concrete and steel. The investigation did not consider this a possibility, nor did it search for any damage or potential damage caused by these fireworks. In fact, the initial investigation viewed the fireworks so inconsequentially that they were left in the field when the crime scene was released and were retrieved late the next day.

Consumer grade fireworks are not explosives for purposes of 18 U.S.C. § 844(m). Section 844(m) criminalizes a conspiracy to violate section 844(h). As explained below, consumer grade

---

[2] The City of Alvarado does have such an ordnance: "Except as otherwise specifically provided in this article, it shall be considered a nuisance and shall be unlawful for any person to use, discharge, cause to be discharged, detonate, shoot, fire or in any way set off or cause to be set off, firecrackers, Roman candles, torpedoes, sky rockets, or any other form of fireworks within the city limits." Alvarado Municipal Ordnance § 16-125, *available at* https://ecode360.com/42203338#42203338 (last visited March 26, 2026).

fireworks do not fall within the ambit of section 844(h). Therefore, the use of consumer grade fireworks does not trigger culpability under this section.

Therefore, Ines Soto asks this court to enter a judgment of acquittal on Count Three. Alternatively, Ines Soto asks this court to find that the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to allow the verdict to stand and grant him a new trial on Count Three.

**This court should grant Ines Soto a judgment of acquittal on Count Four. Alternatively, this court should grant Ines Soto a new trial on Count Four.**

This Court should grant Ines Soto a judgment of acquittal on Count Four. Alternatively, this court should grant Ines Soto a new trial on Count Four. Count Four charged Ines Soto with using or carrying and explosive in violation of 18 U.S.C. § 844(h)(1) and aiding and abetting this offense. More specifically, Count Four charged Ines Soto with using an explosive in the commission of the offense of Riot as charged in Count One, carrying an explosive during the commission of the offense of Riot as charged in Count One of the indictment and aiding and abetting this offense. The evidence in this case does not support this verdict.

The government introduced no evidence that Ines Soto touched much less used a firework. In fact, the government's evidence only showed two people shooting fireworks—neither was Ines Soto. One person bought and brought the fireworks—again, not Ines Soto. Simply put, he neither used nor carried explosives—that is fireworks—during a riot. For these same reasons, the evidence does not show that Ines Soto aided and abetted the commission of this offense. At best, the evidence shows Ines Soto was present when some fireworks were shot.

Further, as discussed above, Ines Soto did not commit the offense of riot. In fact, there was no riot. The only acts of violence, which would probably be more aptly described as acts of vandalism, were committed by two persons who individually broke away from the others and operating independently damaged cars and property. As these two acted independently, they were no longer part of the requisite assemblage of three or more persons.

Additionally, consumer grade fireworks are not explosives for purposes of 18 U.S.C. § 844(h). The definition of explosives for section 844(h) is found in section 844(j). See 18 U.S.C. § 844(j). Section 844(j) states, in pertinent part, as follows:

> the term "explosive" means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title … .

18 U.S.C. § 844(j). Paragraph 5 of 18 U.S.C. § 232 provides as follows:

> The term "explosive or incendiary device" means (A) dynamite and all other forms of high explosives, (B) any explosive bomb, grenade, missile, or similar device, and (C) any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone.

18 U.S.C. § 232(5). Consumer fireworks, which the trial testimony established these were, are exempted from explosives regulations. *See* 27 CFR § 555.141(a)(7). Consumer fireworks are defined as follows:

> Any small firework device designed to produce visible effects by combustion and which must comply with the construction, chemical composition, and labeling regulations of the U.S. Consumer Product Safety Commission, as set forth in title 16, Code of Federal Regulations, parts 1500 and 1507. Some small devices designed to produce audible effects are included, such as whistling devices, ground

8

devices containing 50 mg or less of explosive materials, and aerial devices containing 130 mg or less of explosive materials. Consumer fireworks are classified as fireworks UN0336, and UN0337 by the U.S. Department of Transportation at 49 CFR 172.101. This term does not include fused setpieces containing components which together exceed 50 mg of salute powder.

27 CFR § 555.11

For the reasons stated in the preceding section, this conviction cannot stand under *Pinkerton*.

Therefore, Ines Soto asks this court to enter a judgment of acquittal on Count Four. Alternatively, Ines Soto asks this court to find that the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand and grant him a new trial on Count Four.

**Conclusion**

Ines Soto moves this court to grant him a judgment of acquittal on Counts One, Two, Three, and Four. Alternatively, Ines Soto moves this court to find that the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand and grant him a new trial on each count.

Respectfully submitted,

/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis
1901 Central Dr. Suite 730
Bedford, TX 76021
817.868.9500
817.591.4701 (fax)
Texas Bar No. 24029505
lwd@leighwdavis.com

9

**Certificate of Service**

I hereby certify that a copy of this document has been sent by the court's ECF filing system to all

attorneys of record on March 27, 2026.


/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis